Company of Manchester, England. No opinion. Plaintiffs' exceptions overruled, motion for new trial denied, with costs, and judgment directed for the defendant upon the nonsuit, with costs.

RITLER, Respondent, v. ACME ENGINEERING & CONTRACTING CO., Appellant. (Supreme Court, Appellate Division, Third Department. May 3, 1911.) Action by Mary Ritler against the Acme Engineering & Contracting Company.

PER CURIAM. Judgment and order reversed, on the ground that the verdict is excessive, and new trial granted, with costs to appellant to abide event, unless the plaintiff stipulates to reduce the verdict to $1,500, in which case the judgment is modified, and, as so modified, judgment and order affirmed, with costs.

SMITH, P. J., and BETTS, J., vote for affirmance without modification.

In re RITTER PLACE. In re ESCH. (Supreme Court, Appellate Division, First Department. May 26, 1911.) In the matter of Ritter Place. In the matter of John Esch. No opinion. Motion to confirm report granted. Order filed. See, also, 134 App. Div. 954, 118 N. Y. Supp. 1137; 139 App. Div. 473, 124 N. Y. Supp. 351.

In re ROBERTS et al. (Supreme Court, Appellate Division, Fourth Department. May 10, 1911.) In the matter of the application of Charles O. Roberts and others for the removal of Thomas J. Acheson, as Supervisor of the Town of Philadelphia, Jefferson County, N. Y.

PER CURIAM. Report of the referee confirmed, the said Thomas J. Acheson removed from his office of supervisor, and the town board directed to audit and pay as town charges the fees and disbursements of the referee and the stenographer's fees, and have recourse therefor to the said Thomas J. Acheson. See, also, 140 App. Div. 920, 940, 125 N. Y. Supp. 1141.

ROBINSON, Respondent, v. MERIDA REALTY CO. et al., Appellants. (Supreme Court, Appellate Division, First Department. May 26, 1911.) Action by Abraham Robinson against the Merida Realty Company and others. J. J. Corn, for appellants. M. D. Steuer, for respondent. No opinion. Order affirmed, with $10 costs and disbursements. Order filed.

ROBINSON v. MERIDA REALTY CO. et al. (Supreme Court, Appellate Division, First Department. May 26, 1911.) Action by Abraham Robinson against the Merida Realty Company and others. No opinion. Motion to dismiss appeal denied, without costs. Order filed.

ROCHE, Respondent, v. FARMERS' FIRE INS. CO. OF YORK, PA., Appellant. (Supreme Court, Appellate Division, Fourth Department. May 3, 1911.) Action by Barney Roche against the Farmers' Fire Insurance Company of York, Pa. No opinion. Judgment and order affirmed, with costs.

In re ROEBLING ST. IN BOROUGH OF BROOKLYN. (Supreme Court, Appellate Division, Second Department. June 2, 1911.) In the matter of acquiring title to Roebling Street, from Bridge Plaza, at South Fourth Street, to Union Avenue, etc., Borough of Brooklyn, etc. No opinion. Motion for reargument denied, with costs.

RUPP, Appellant, v. STEVENSON, Respondent. (Supreme Court, Appellate Division, Second Department. June 9, 1911.) Action by Richard C. Rupp against Frederick Boyd Stevenson. No opinion. Motion for reargument denied, with $10 costs. See, also, 128 N. Y. Supp. 1144.

RYNO v. CRAWFORD. (Supreme Court, Appellate Division, Second Department. June 2, 1911.) Appeal from Municipal Court, Borough of Brooklyn, Fourth District. Action by Frank Ryno against Hannah Crawford. From a Municipal Court order setting aside a verdict for defendant and granting a new trial, defendant appeals. Affirmed. See 127 N. Y. Supp. 1142. Michael J. Horan, for appellant. Samuel Meyers, for respondent.

PER CURIAM. Order of the Municipal Court affirmed, with costs.

BURR, J. (dissenting). This is an appeal from an order of the Municipal Court setting aside the verdict of a jury in favor of the defendant and granting a new trial. After the verdict plaintiff's counsel made a motion for a new trial, which was denied. Subsequently, and more than five days from the time the judgment was rendered, and apparently without obtaining leave to renew, a second motion to set aside the verdict and for a new trial was made, and it is from the order granting such motion that this appeal is taken. Counsel for the appellant contends that the judge was without power to entertain the motion. Municipal Court Act (Laws 1902, c. 580) § 254. In view of the stipulation made by defendant's counsel, and which is a part of the record in this case, it is clear that any objection to the jurisdiction of the judge to hear the same was waived, and we therefore proceed to consider the order upon its merits. As to many of the facts upon which this controversy depends, there is no dispute. On July 29, 1910, plaintiff was standing in front of 102 Wooster street, in the borough of Manhattan, with his back to the curb, with one foot on the lower step of the stoop of the building, and one foot on the sidewalk against the step. He was talking with a man who was sitting upon the stoop. While thus standing, a truck belonging to defendant, and under the control of her servant, backed up to the curb, and the driver of the truck, with the assistance of one of the employés of the persons occupying the store, began to unload the truck. Five heavy cases had been taken from the truck and placed upon the sidewalk. As the sixth case was taken down and struck the sidewalk, it toppled over, and the edge of the case struck the plaintiff in the ankle. There was no evidence of any carelessness on the part of the driver in removing the case, unless such carelessness